**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

**KEVIN WAYNE WOODWARD,**

        **Petitioner,**

v.                                            **Criminal No. 2:97cr58-2**
                                               **Civil No. 2:05cv317**

**UNITED STATES of AMERICA,**

        **Respondent.**

**OPINION & ORDER**

This matter is before the Court on pro se Petitioner's May 25, 2005, motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255" or "§ 2255 motion"). Doc. 46. Petitioner has filed a memorandum in support of his § 2255. Doc. 47.

**I. Procedural History**

On June 19, 1997, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Doc. 12. On October 6, 1997, the Court sentenced Petitioner to three hundred sixty (360) months' imprisonment and five (5) years' supervised release. Doc. 16. On November 25, 1998, Petitioner's period of confinement was reduced to one hundred fifty (150) months' upon motion by the United States pursuant to Federal Rule of Criminal Procedure 35(b) ("Rule 35(b)"). Docs. 19 & 20. Petitioner waived his right to a direct appeal of his conviction or sentence, provided that the sentence did not exceed the statutory maximum, and Petitioner also waived the right to any collateral review of his conviction or sentence, including collateral review pursuant

to 28 U.S.C. § 2255. Doc. 12 at 3-4. Petitioner did not pursue a direct appeal of his sentence. See Criminal Docket No. 2:97cr58-2.

## II. Waivers of Collateral Review

### A. Generally

Petitioner fails to challenge the validity of the § 2255 waiver contained in his Plea Agreement. The waiver of a right to pursue a § 2255 motion as part of a plea agreement is generally enforceable. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); cf. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (upholding knowing and voluntary waivers of direct appeal). Thus, if Petitioner's "waiver of collateral-attack rights was knowing and voluntary, [he] cannot challenge his conviction or sentence in a § 2255 motion," unless any of his grounds for attacking his sentence fall outside of the scope of the waiver. See Lemaster, 403 F.3d at 220, n.2; cf. Attar, 38 F.3d at 731-32.

While Petitioner does not explicitly challenge the validity of his § 2255 waiver, such a challenge is implicit in his filing a § 2255 motion with the Court. The Court must therefore determine as a threshold matter whether Petitioner's § 2255 waiver is valid – whether it was entered into knowingly and voluntarily. Lemaster, 403 F.3d at 220. The Court assesses the validity of Petitioner's waiver under the totality of the circumstances:

> Although this determination is often made based on the adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Thus, the determination "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal quotation marks and citation omitted).

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

### B. Validity of a § 2255 Waiver

Federal Rule of Criminal Procedure 11 outlines the procedures that a district court must follow in accepting a guilty plea in order to ensure that the defendant is pleading guilty to an offense intelligently and voluntarily. If a sentencing court conducts a Rule 11 colloquy and finds the plea to be entered knowingly and voluntarily, the waiver is presumptively valid as long as the court fully questioned the defendant about the waiver. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). According to Lemaster, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). The Lemaster court further explained that:

> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – "permitting quick disposition of baseless collateral attacks. . . ." Blackledge v. Allison, 431 U.S. 73, 79 n.19 (1977).

Lemaster, 403 F.3d at 221-22.

For the reasons set forth herein, the Court **FINDS** that Petitioner knowingly and voluntarily waived his rights to collaterally appeal his conviction or sentence pursuant to a § 2255 motion. As in Lemaster, the Court conducted an extensive Rule 11 colloquy, in which it informed Petitioner that the purpose of the colloquy, inter alia, was to make certain the he was entering the plea freely and voluntarily. Doc. 21 at 2. During the colloquy, Petitioner answered under oath that he understood the nature of the charge against him and the elements of the

alleged offense, id. at 5-6, and that he had an opportunity to discuss all of the facts of the case and any possible defenses with his counsel, id. at 10. The Court specifically asked Petitioner whether he was satisfied with the representation and assistance of his counsel, and Petitioner answered in the affirmative. Id. The Court explained the mandatory minimum and maximum sentences as well as the applicability of the Sentencing Guidelines. Id. at 8-9, 15-17. Petitioner further stated that he was entering into the plea freely and voluntarily because he was in fact guilty of the offense to which he was pleading guilty. Id. at 19.

With respect to his Plea Agreement, Petitioner stated that he had read, understood and initialed each page of the Plea Agreement before he signed it. Id. at 13. Petitioner specifically initialed the pages of his Plea Agreement containing his waiver of collateral appeal:

> The defendant also waives the right to challenge the conviction of [sic] sentence or the manner in which it was determined in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255.

Doc. 12 at 3-4. Petitioner specified attested, by his signature to the Plea Agreement, to the following statement:

> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Doc. 12 at 10 (emphasis in original). The Court further drew Petitioner's attention to the wavier of appeal contained in the Plea Agreement:

> THE COURT: "[Y]ou are giving up your right to appeal any sentence that the court imposes . . . . Do you understand what I mean by that?
>
> PETITIONER: "Yes, sir."

4

\* \* \* \*

| | |
|---|---|
| THE COURT: | "Now, I previously alluded to the fact that the agreement waived your right to appeal the sentence, and I did that because I want you to understand that when the court imposes a sentence, it can impose any sentence permitted by the statute, and you have given up in advance your right to appeal the imposition of sentence upon you. Do you understand the import of that? |
| PETITIONER: | "Yes, sir." |

Id. at 8, 15. The Court specifically asked Petitioner whether anyone forced him to sign the Plea Agreement against his will and whether anyone made any promises of leniency to induce him to sign, to which Petitioner responded in the negative. Id. at 15. The Court explained that once the Court accepts the Plea Agreement and the plea of guilty, the Plea Agreement would become a binding contract upon Petitioner. Id. at 11. Finally, the Government proffered the factual basis for the offense, Petitioner represented that the facts were true and the Court accepted his plea, finding that Petitioner was entering the plea intelligently, freely and voluntarily. Id. at 19-25.

The Court therefore **FINDS** that Petitioner's waiver of collateral appeal contained in his Plea Agreement is valid and fully enforceable. The Court must now consider whether any of the claims alleged in Petitioner's § 2255 are outside the scope of the waiver.

### C. Scope of the § 2255 Waiver

In the context of direct appeal waivers, the Fourth Circuit has distinguished a narrow class of claims that are considered outside the scope of an enforceable waiver. These are claims that the sentence imposed is in excess of the maximum penalty provided by statute, that the sentence is based on a constitutionally impermissible factor such as race, or that the defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing. See United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin,

961 F.2d 493, 496 (4th Cir. 1992); see also United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

The Fourth Circuit in Lemaster did not squarely address whether these discrete claims are also considered outside the scope of a valid § 2255 waiver; however, the court implicitly acknowledged that they are, noting that although the court had no occasion to consider whether district courts should address similar claims in the case before it, "we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." 403 F.3d at 220 n.2. Accordingly, this Court will consider whether any of Petitioner's grounds for attacking his sentence are within the narrow class of claims considered outside the scope of his waiver.

Petitioner does not challenge the validity of his § 2255 waiver. Nor are any of the grounds for relief sought by Petitioner one of the grounds excepted from § 2255 waivers above. Petitioner's § 2255 motion is based solely on the retroactive application of United States v. Booker, 543 U.S. 220 (2005). Petitioner extensively argued that Booker is retroactively available to federal prisoners on collateral review under Teague v. Lane, 489 U.S. 288, 311 (1989). Doc. 47 at 2-15 (advancing five separate theories under which Booker should be retroactively applicable to Petitioner's sentence). However, these constitutional arguments based on Booker are not claims that the sentence imposed is in excess of the maximum penalty provided by statute, that the sentence is based on a constitutionally impermissible factor such as race, or that Petitioner was deprived of the assistance of counsel at a proceeding after the entry of the waiver. Cf. Attar, 38 F.3d at 732, Marin, 961 F.2d at 496, and Blick, 408 F.3d at 169.

The Court therefore **FINDS** that Petitioner's § 2255 is within the scope of his valid §

2255 waiver. Accordingly, the merits of Petitioner's claims are precluded from review.[1]

### III. Conclusion

For the reasons set forth herein, Petitioner's § 2255 is **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and to counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 11, 2006

---

[1] Even if the Court could consider the merits of Petitioner's Booker claims, the Fourth Circuit has held that the rights articulated in Booker are not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).